# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BILAL K. SIDDIQUI, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     vs. | ) Cause No. 1:18-cv-2474-WTL-DML |
| | ) |
| L. FRANCIS CISSNA, | ) |
| DIRECTOR, U.S. CITIZENSHIP | ) |
| AND IMMIGRATION | ) |
| SERVICE, et al., | ) |
| | ) |
|     Defendants. | ) |

## ENTRY ON PLAINTIFFS' MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This cause is before the Court on the Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction (Dkt. No. 8). The motion is fully briefed, and the Court, being duly advised, **DENIES** the Plaintiffs' motion for the reasons set forth below.

## I.    BACKGROUND

The Plaintiffs in this action are Dr. Bilal and Ms. Bushra Siddiqui, green-card holders from Pakistan with three children who are U.S. citizens. The Plaintiffs allege that their Forms I-485, Applications to Register Permanent Residence or Adjust Status (the "Adjustment Applications"), were improperly denied by the United States Citizenship and Immigration Service ("USCIS") pursuant to a secret policy known as the Controlled Application Review and Resolution Program ("CARRP"). To remedy this situation, the Plaintiffs seek to have the Defendants "[o]rdered to reopen and reconsider Plaintiffs' Forms I-485, Applications to Register Permanent Residence or Adjust Status; and [e]njoined from enforcing or applying the policy known as the Controlled Application Review and Resolution Program ("CARRP"), or any other

similar program not authorized by Congress, in consideration of Plaintiffs' applications for adjustment of status." Dkt. No. 20-1 at 1. According to the Plaintiffs, CARRP is a secret program established by Defendant USCIS in 2008 which prohibits USCIS adjudicators from approving applications for certain immigration benefits, including legal permanent resident status, when the applicant is deemed to pose a "national security concern" as broadly defined under CARRP. Instead, CARRP directs USCIS field officers to delay or deny applications selected for processing under CARRP. Under CARRP, the Plaintiffs allege, a person is considered a "national security concern" if he or she is determined to be a "Known or Suspected Terrorist," ("KST"), which includes all individuals listed in the Terrorism Screening Database. The Plaintiffs allege that CARRP violates the Immigration and Nationality Act and its implementing regulations, 8 U.S.C. § 1255 and 8 C.F.R. § 245, the arbitrary and capricious and notice-and-comment provisions of the Administrative Procedure Act, 5 U.S.C.§ 706 and 5 U.S.C.§ 706, and their procedural due process rights under the Fifth Amendment.

## II.     THE DEFENDANTS' JURISDICTIONAL CHALLENGE

Before considering the merits of the Plaintiffs' motion, the Court must first address the Defendants' jurisdictional challenge. The Defendants argue that, pursuant to 8 U.S.C. § 1252(a)(2)(B), Congress expressly precluded district court jurisdiction over discretionary denials of adjustment applications. The Plaintiffs do not contest that assertion, but rather argue that, due to CARRP, the decision to deny the applications was not an act of discretion, and therefore this Court has the power to review it. The Court agrees with the Plaintiffs' contention that, to the extent that CARRP mandates a result, it is prohibiting the exercise of discretion, and the "[f]ailure to exercise discretion is not exercising discretion." *Munoz-Pacheco v. Holder*, 673 F.3d 741, 745 (7th Cir. 2012). As the Seventh Circuit has held, 8 U.S.C. § 1252(a)(2)(B) "only bars review of actual discretionary decisions to grant or deny relief under the enumerated

sections." *Iddir v. I.N.S.*, 301 F.3d 492, 497 (7th Cir. 2002). Therefore the Court finds that 8 U.S.C. § 1252(a)(2)(B) does not bar the Court's review.

The Defendants further argue that the Plaintiffs are not allowed "to bootstrap jurisdiction in the district court over review of denials of adjustment of status by raising legal or constitutional claims." Dkt. No. 17 at 15. The Plaintiffs counter by noting that they are "challenging Defendants' *procedure* of employing an unlawful policy to deny their applications," and not "USCIS's discretionary decision to deny their adjustment applications." Dkt. No. 18 at 7. Indeed, in *Jafarzadeh v. Duke*, the court, relying on *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479 (1991), rejected this argument, concluding that:

> If plaintiffs cannot raise their claims in district court at this stage of the litigation, they argue that USCIS's potentially unlawful actions could only be reviewed in the circuit court, and that would not be effective judicial review because plaintiffs would be constrained to an inadequate record. The same concern raised in *McNary* is precisely why the Supreme Court concluded that the statute there did not preclude all judicial review. *See McNary*, 498 U.S. at 492-93 (1991); *Daniels v. Union Pac. R.R. Co.*, 530 F.3d 936, 943 (D.C. Cir. 2008) ("[T]he availability of effective judicial review is the touchstone of the *McNary* exception."). As the Supreme Court reiterated more recently, courts should not assume that a claim must proceed through the administrative process if doing so would "foreclose all meaningful judicial review." *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 489 (2010) (quoting *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 212-213 (1994)). Because plaintiffs' claims regarding USCIS cannot be raised in the administrative process, the circuit court would necessarily be hobbled when it considered those claims because it would be limited to the administrative record before the immigration judge and the Board of Immigration Appeals—and of course, there would not be a record relating to plaintiffs' challenge regarding USCIS and utilization of CARRP. *See McNary*, 498 U.S. at 493; 8 U.S.C. § 1252(a)(2)(D) (permitting judicial review of "constitutional claims or questions of law" in the circuit court).
>
> Plaintiffs' claims regarding CARRP are therefore not of the type that Congress contemplated routing through the administrative review process. They are "wholly collateral to [the] statute's review provisions," because neither the immigration judge nor the Board of Immigration Appeals can review them, and thus they are "outside the agency's expertise." *Free Enter. Fund*, 561 U.S. at 489 (quoting *Thunder Basin Coal Co.*, 510 U.S. at 212). Indeed, this conclusion naturally flows from the Court's analysis of the text of § 1252: the administrative

3

> process is designed to allow an applicant to raise specific claims about his or her removal (and thus judicial review is limited to that same topic), but it is not designed to adjudicate broader challenges to the processes [the Department of Homeland Security] uses in resolving applications. Finally, there is no indication that the [P]laintiffs here are trying "to short-circuit the administrative process." *See Sturm, Ruger & Co. v. Chao*, 300 F.3d 867, 876 (D.C. Cir. 2002) (quoting *Nat'l Mining Ass'n v. Dep't of Labor*, 292 F.3d 849, 858 (D.C. Cir. 2002)). Hence, the factors identified in *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479 (1991) and *Jarkesy v. S.E.C.*, 803 F.3d 9 (D.C. Cir. 2015) indicate that plaintiffs' claims are not of the type that must go through the administrative adjudication process. The Court therefore concludes that it has jurisdiction to consider those claims.

270 F. Supp. 3d 296, 310–11 (D.D.C. 2017). The Court finds this reasoning persuasive and adopts it, and therefore holds that it does have jurisdiction to hear the Plaintiffs' motion.[1]

### III.  THE MERITS OF THE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Having addressed the jurisdictional hurdle, the issue before the Court is whether the Plaintiffs are entitled to the preliminary injunctive relief they seek, which is that their Adjustment Applications be reopened and reconsidered and that the Defendants be enjoined from applying CARRP to their Adjustment Applications.[2] A preliminary injunction is "an extraordinary remedy" that "[i]s never awarded as a matter of right." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017) (citations omitted).

> A two-step inquiry applies when determining whether such relief is required. First, the party seeking the preliminary injunction has the burden of making a threshold showing: (1) that he will suffer irreparable harm absent preliminary injunctive relief during the pendency of his action; (2) inadequate remedies at law exist; and (3) he has a reasonable likelihood of success on the merits. If the

---

[1] The Defendants also raise objections to the Plaintiffs' potential alternative bases for jurisdiction, but because the Court finds that Section 1252 does not bar review, the Court need not address them at this time.

[2] The Plaintiffs style their request as one for a Temporary Restraining Order and Preliminary Injunction. Because the standards are essentially identical and because the defendants have had a full opportunity to respond, the Court treats the motion as one for a preliminary injunction.

movant successfully makes this showing, the court must engage in a balancing analysis, to determine whether the balance of harm favors the moving party or whether the harm to other parties or the public sufficiently outweighs the movant's interests.

*Id*. (citations omitted).

The Plaintiffs seek to have the Defendants "[o]rdered to reopen and reconsider Plaintiffs' Forms I-485, Applications to Register Permanent Residence or Adjust Status; and [e]njoined from enforcing or applying the policy known as the Controlled Application Review and Resolution Program ("CARRP"), or any other similar program not authorized by Congress, in consideration of Plaintiffs' applications for adjustment of status," Dkt. No. 20-1 at 1. The Defendants contend that such relief is improper because "[i]t essentially seeks the ultimate relief they request in their lawsuit—reopening and reconsideration of their adjustment applications." Dkt. No. 22 at 20. Indeed, the Defendants are correct in their assertion—the Plaintiffs seek such an injunction in their prayer for relief, in addition to declaratory and injunctive relief preventing the application of CARRP from any future applications for immigration benefits the Plaintiffs may file. Dkt. No. 1 at 26.

"A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree." *W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958). To issue a preliminary injunction, a party need only meet a "low threshold" by showing that its "chances to succeed on [its] claims are better than negligible," *Whitaker By Whitaker*, 858 F.3d at 1046 (internal quotation marks omitted). By contrast, "when the plaintiff is seeking a permanent injunction . . . the issue is not whether the plaintiff has demonstrated a reasonable *likelihood* of success on the merits, but whether [the party] has *in fact* succeeded on the merits." *Plummer v. Amer. Inst. of Certified Public Accountants*, 97 F.3d 220, 229 (7th Cir. 1996). The Plaintiffs have not made such a showing here. To provide the

5

permanent relief the Plaintiffs seek at this juncture would be premature; the Plaintiffs' motion for a preliminary injunction is therefore **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction, Dkt. No. 8, is **DENIED**.

SO ORDERED: 10/25/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification