# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BILAL K. SIDDIQUI, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Cause No. 1:18-cv-2474-WTL-DML |
| L. FRANCIS CISSNA, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICE, et al., | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the Defendants' Motion to Dismiss (Dkt. No. 23). The motion is fully briefed, and the Court, being duly advised, **DENIES** the Defendants' motion for the reasons set forth below.

### I. BACKGROUND

The Plaintiffs in this action are Dr. Bilal and Ms. Bushra Siddiqui, green-card holders from Pakistan who have three children who are United States citizens. The Plaintiffs allege that their Forms I-485, Applications to Register Permanent Residence or Adjust Status (the "Adjustment Applications"), were improperly denied by the United States Citizenship and Immigration Service ("USCIS") pursuant to a policy known as the Controlled Application Review and Resolution Program ("CARRP"). According to the Plaintiffs, CARRP is a secret program established by Defendant USCIS in 2008 that prohibits USCIS adjudicators from approving applications for certain immigration benefits, including legal permanent resident status, when the applicant is deemed to pose a "national security concern" as broadly defined under CARRP. Instead, CARRP directs USCIS field officers to delay or deny applications

selected for processing under CARRP. Under CARRP, the Plaintiffs allege, a person is considered a "national security concern" if he or she is determined to be a "Known or Suspected Terrorist," ("KST"), which includes all individuals listed in the Terrorism Screening Database. The Plaintiffs allege that CARRP violates the Immigration and Nationality Act, 8 U.S.C. § 1255, and its implementing regulation, 8 C.F.R. § 245, the arbitrary and capricious and notice-and-comment provisions of the Administrative Procedure Act, 5 U.S.C. § 706 and 5 U.S.C. § 553 respectively, and their procedural due process rights under the Fifth Amendment.

The Plaintiffs moved for a temporary restraining order and preliminary injunction, which the Court denied on October 25, 2018, on the ground that the Plaintiffs sought to obtain their ultimate relief by way of a preliminary injunction. Dkt. No. 27. In so doing, the Court also rejected the Defendants' arguments that the Court lacks jurisdiction to hear this action, following the reasoning of the United States District Court for the District of Columbia in *Jafarzadeh v. Duke*, 270 F. Supp. 3d 296 (D.D.C. 2017) (*Jafarzadeh I*). Dkt. No. 27 at 2-4. In particular, the Court focused on the fact that the Plaintiffs are challenging the Defendants' procedure, as opposed to the decision to deny the Adjustment Applications, and *Jafarzadeh I*'s discussion of a district court's jurisdiction to hear a challenge that is wholly collateral to the administrative review process. *Id*.

The Defendants now move to dismiss the case on the ground that the Court lacks subject matter jurisdiction.

## II. LEGAL STANDARD

The Defendants seek dismissal of this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. When reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d

894, 897 (7th Cir. 1995). When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999) (internal quotations omitted). The burden of proof with regard to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

### III.  DISCUSSION

The Defendants argue that 8 U.S.C. § 1252(a)(2)(B) precludes review of USCIS's denial of the Plaintiffs' Adjustment Applications, thereby depriving the Court of jurisdiction to hear the Plaintiffs' claims. This statute provides that "no court shall have jurisdiction to review":

(i)  any judgment regarding the granting of relief under section . . . 1255 [(Adjustment of status of nonimmigrant to that of person admitted for permanent residence)] . . . or

(ii)  any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.

According to the Defendants, because USCIS's denial of the Adjustment Applications was a discretionary decision and the Plaintiffs are challenging that discretionary decision, 8 U.S.C. § 1252(a)(2)(B) bars review.

The Defendants make two arguments in support of their contention that USCIS's denial of the Adjustment Applications was discretionary. Whether the decision is discretionary is critical because, as the Seventh Circuit has noted with regard to 8 U.S.C. § 1252, "Congress sought only to preclude review of orders or judgments[] pertaining to actual discretionary decisions." *Iddir v. I.N.S.*, 301 F.3d 492, 497 (7th Cir. 2002). First, they argue that the Plaintiffs' allegations fail to meet the plausibility standard for pleadings established by the

3

Supreme Court in *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). According to the Defendants:

> Plaintiffs speculatively allege that USCIS's denial of their adjustment applications was not an exercise of discretion but rather was a pretext to disguise its application to them of the purportedly illegal CARRP policy. *See* Compl. ¶¶ 1, 6-8, 15, 31-71. These allegations do not comport with the objective evidence appended to their Complaint. In their Complaint, Plaintiffs speculate upon "information and belief" that their applications were denied solely on account of the CARRP policy, *see, e.g.*, Compl. ¶¶ 90-92, simply because, according to them, their applications have "all the hallmarks of a CARRP case," evince a "rote imposition" of CARRP, "strongly suggest[]" that CARRP was applied, and that "USCIS likely . . . considers [Siddiqui]" a terrorist. Compl. ¶¶ 8-9, 15, 94, respectively. Plaintiffs offer, "upon information and belief," their own rendition of what the CARRP policy means, yet they do not append a copy of the actual policy to their Complaint or otherwise direct the Court to the particular language therein from which they draw their interpretations. *See, e.g.*, Compl. ¶¶ 41, 51, 55-56, 58-59, 68, 71.

Dkt. No. 24 at 7. The Defendants, however, ignore the specificity of the Plaintiffs' allegations and they cite no cases to suggest that such materials must be appended at the pleading stage. As the Plaintiffs note, they have alleged that CARRP prohibits USCIS from approving applications filed by KSTs, that markings on Dr. Siddiqui's boarding passes when he travels by plane suggest he is considered a KST, and the Plaintiffs' reasons for believing that CARRP has been applied to their Adjustment Applications and that their denial was pretextual. Accordingly, the Court finds that the Plaintiffs have satisfied the pleading standard established in *Twombly*.

Second, the Defendants argue that the presumption of regularity should apply, as "the objective documentary evidence attached to the Complaint speaks for itself and shows that USCIS denied Plaintiffs' applications as a matter of discretion." Dkt. No. 24 at 8. The Defendants, citing cases such as *Coleman v. PACCAR, Inc.*, 424 U.S. 1301 (1976), *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971), *United States v. United Chemical Foundation, Inc.*, 272 U.S. 1 (1926), and *Busboom Grain Co., Inc. v. ICC*, 830 F.2d 74 (7th Cir. 1987), argue that the Court should "assume that an agency has acted in good faith in carrying out

any established administrative procedure . . . absent any clear evidence to the contrary," and that therefore the Court should accept USCIS's denial for its stated reasons. Dkt. No. 24 at 10. The Plaintiffs, however, respond by citing the memorandum establishing CARRP, arguing that it is entitled to a presumption of regularity as well. The Court agrees, and considering that the presumption of regularity would cut both ways in the case, declines to apply it determining this motion to dismiss.

However, even if the Plaintiffs are ultimately unable to prove that the application of CARRP was not discretionary, they would still be able to challenge the propriety of the policy, assuming that they could prove it was applied to their Adjustment Applications.[1] The Defendants view the Plaintiffs' Complaint as seeking review of USCIS's denial of the Plaintiffs' Adjustment Applications, and while there is language in the Complaint that could so suggest, the causes of action brought by the Plaintiffs in fact address the procedure applied by the Defendants, as opposed to the decision itself. Notably, the Defendants point to the Plaintiffs' prayer for relief and note that it "is directed entirely at righting the alleged wrong that they *specifically* suffered by USCIS's denial of their applications." Dkt. No. 24 at 11 (emphasis in original). This argument misses the mark, however, because "the demand is not itself a part of the [P]laintiff[s'] claim." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002); *see also* Fed. R. Civ. P. 54(c) (stating that final judgments "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").[2] The Plaintiffs bring

---

[1] Were the Court to find that CARRP was not applied to the Plaintiffs' Adjustment Applications, that would raise other issues regarding the Plaintiffs' ability to bring their claims.

[2] Notably, however, the Defendants do not challenge the specific relief sought in the Plaintiffs' prayer for relief in and of itself. If there are concerns about the specific relief, the Seventh Circuit has stated that "[i]t would be appropriate and indeed quite sensible for a judge confronting a complaint that does not demand proper relief to ascertain whether the plaintiff

5

claims asserting that the Defendants' application of CARRP violated the INA, the APA, and the Due Process Clause of the Fifth Amendment. Simply put, all of the Plaintiffs' actual claims raise questions about the procedure used by the Defendants in deciding the Plaintiffs' Adjustment Applications.

It is for this reason that the Court finds the Defendants' arguments on this point unpersuasive. For example, the Defendants argue that two opinions from the United States District Court for the District of Columbia, *Jafarzadeh I*, 270 F. Supp. 3d 296 and *Jafarzadeh v. Nielsen*, 321 F. Supp. 3d 19 (D.D.C. 2018) (*Jafarzadeh II*), are distinguishable on the grounds that the plaintiff in that case was not challenging the denial of his specific application, and indeed could not have done so because his application had not even been denied at the time he filed his complaint. But again, the Plaintiffs are challenging the procedure used by USCIS; therefore the Court disagrees with the proposition that the denial of the Plaintiffs' Adjustment Applications bars the Plaintiffs' action. Likewise, the Defendants repeatedly cite *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479 (1991), recognizing that although challenges to individual determinations of applications are barred from review, challenges to policies and practices are not so barred.[3] Unfortunately for the Defendants, it is the latter that the Plaintiffs bring in this action.

Finally, the Defendants argue that the Court lacks jurisdiction because the Plaintiffs' challenge to the processes applied by the Defendants is "inextricably intertwined with the

---

wants the improper relief sought in the complaint or nothing; if so, the complaint must be dismissed." *Bontkowski*, 305 F.3d at 762.

[3] The Defendants also argue that *McNary* is distinguishable because the statute at issue in that case provided for less discretion than the statute at issue here, noting that "the authority to adjust status of eligible aliens under 8 U.S.C. § 1255 is entirely discretionary." Dkt. No. 32 at 3. In making this distinction, however, the Defendants ignore the Plaintiffs' contention that the application of CARRP is not discretionary.

government's decision of how or whether to exercise its discretion." Dkt. No. 32 at 10. Relying on cases from other circuits addressing USCIS's implementation of the Adam Walsh Child Protection and Safety Act of 2006 ("AWA"), Pub. L. No. 109-248, 120 Stat. 587, the Defendants argue that the statute "precludes review not only of the discretionary denial of a benefit but also *any underlying process* in [sic.] which the government employs to reach that decision because that is part of its exercise of discretion." *Id*. at 13 (emphasis in original). These cases, however, are distinguishable, in that "the AWA amended the INA so that a citizen 'who has been convicted of a specified offense against a minor' may not file any petition on behalf of such relatives 'unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition . . . is filed.'" *Bakran v. Sec'y, Dep't of Homeland Security*, 894 F.3d 557, 560 (3d Cir. 2018) (quoting 8 U.S.C. § 1154(a)). Considering this language, the Third Circuit, for example, found that "the exercise of discretion includes deciding the type of proof required, the evidentiary standard a petitioner must satisfy, and whether the petitioner's evidence meets that standard." *Id*. at 563; *see also Roland v. USCIS*, 850 F.3d 625, 629 (4th Cir. 2017) (recognizing that USCIS "has 'sole and unreviewable discretion' to determine whether a petitioner poses no risk" pursuant to the AWA). With regard to CARRP, on the other hand, the Defendants point to no statute permitting its enactment, nor can the policy be considered an inherent part of a discretionary process. Critically, in finding that there was no jurisdiction, for example, the Sixth Circuit stated that "in order to adjudicate [the plaintiff's] claims, [it] would be required to give the Secretary's decision not to grant [the] petition a central role in [the] review." *Privett v. Sec'y, Dep't of Homeland Security*, 865 F.3d 375, 381 (6th Cir. 2017). In so finding, the Sixth Circuit distinguished between challenges to the discretionary decision itself, and whether the decision

7

was within the Defendants' discretion. *Id*. Unlike the cases cited by the Defendants, it is the latter that is at issue here.

To summarize, the statute at issue, 8 U.S.C. § 1252(a)(2)(B) provides that "no court shall have jurisdiction to review":

(i) any judgment regarding the granting of relief under section . . . 1255 [(Adjustment of status of nonimmigrant to that of person admitted for permanent residence)] . . . or

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.

The Court finds that the first prong does not bar review because the challenges are not to any judgment regarding the granting of relief under section 1255, but rather to a specific policy allegedly applied by the Defendants. Furthermore, the second prong does not bar review because the very question at issue is whether the enactment and application of CARRP was within the discretion granted to the Attorney General or the Secretary of Homeland Security. The Court has jurisdiction to answer such predicate questions. *Privett*, 865 F.3d at 379. Therefore, the Court **DENIES** the Defendants' motion to dismiss for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss, Dkt. No. 23, is **DENIED**.

SO ORDERED: 12/7/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification